## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DW BRANDING, INC., COFFEE RX, INC., and GS COFFEE, INC., <br><br> Plaintiffs, <br><br> - against – <br><br> INTERNATIONAL FLYNN, LLC., and CONOR FLYNN, <br><br> Defendants. | Civil Action No. 1:19-2939 <br><br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs DW BRANDING, INC., ("DW BRANDING"), COFFEE RX, INC., ("COFFEE RX"), and GS COFFEE, INC., ("GS COFFEE") (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint against Defendants INTERNATIONAL, FLYNN LLC ("International Flynn") and CONOR FLYNN ("Conner Flynn"), (collectively, "Defendants") allege as follows:

## NATURE OF THE ACTION

By Defendants' use of marks that are confusingly similar to Plaintiffs' COFFEE RX common law trademark ("COFFEE RX Mark"), in similar channels of commerce as those of Plaintiffs and for the same or similar goods, Defendants are liable for Common Law trademark infringement under Section 32(a) of the Lanham Act, 15 U.S.C. §1114, false designation of origin, passing off and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125, false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125, unfair & deceptive practices

1

under N.Y. Gen. Bus. Law §349, false advertising under N.Y. Gen. Bus. Law §350, dilution under N.Y. Gen. Bus. Law §360 *et seq.*, violation of N.Y. Gen. Bus. Law §360-j and violation of N.Y. Gen. Bus. Law §133. The harm suffered by Plaintiffs as a result of Defendants' conduct will be irreparable, and Defendants' wrongful activities will continue unless enjoined by the Court. Plaintiffs have no adequate remedy at law.

## THE PARTIES

1.      Plaintiff DW BRANDING is a corporation organized and existing under the laws of the State of New York, having a principal place of business located at 118 Baxter Street, Suite 402 New York, NY 10013.

2.      Plaintiff COFFEE RX is a corporation organized and existing under the laws of the State of New York, having a principal place of business located at 6903 3rd Avenue, Brooklyn, New York, 11229.

3.      Plaintiff GS COFFEE is a corporation organized and existing under the laws of the State of New York, having a principal place of business located at 276 88th Street, Brooklyn, NY 11209.

4.      Upon information and belief, Defendant International Flynn, LLC is a Limited Liability Company organized under the laws of the State of Florida and with an address of 690 SW 1st Ct., #2112 Miami, Florida 33130.

5.      Upon information and belief, Defendant Conor Flynn is a Florida resident having an address located 55 SW 9th Street #3506, Miami, Florida, 33130.

6.      Defendant Conor Flynn is also the Managing Member of Defendant International Flynn, LLC, and thus shares a principal place of business with Defendant International Flynn, LLC.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338 (a) and (b), and 1367 and N.Y. C.P.L.R. §302(a).

8.      This Court has personal jurisdiction over Defendant International Flynn, LLC because, on information and belief, Defendant International Flynn, LLC has engaged, and engages in commerce in this judicial district.

9.      This Court has personal jurisdiction over Defendant Conor Flynn because, on information and belief, Defendant Conor Flynn has conducted, and continues to conduct, business in this judicial district, while also supervising and controlling the infringing activity undertaken by Defendant International Flynn.

10.     Defendants have committed willful acts of: trademark infringement, false designation of origin, passing off & unfair competition, false advertising, dilution, under Federal and common law within this judicial district.

11.     Defendants have also committed willful acts of unfair & deceptive practices, false advertising and dilution under New York law within this judicial district.

12.     Jurisdiction over the Defendants is also proper because of the revenues Defendants have derived from sales of Defendants' goods to New York customers and because of Defendants' goods that have been shipped to New York.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.


## BACKGROUND FACTS

14.     DW BRANDING, INC., is the owner and licensor of the common law mark COFFEE RX with standing to bring and maintain this action.

3

15.     DW BRANDING licenses use of the COFFEE RX Mark to companies such as COFFEE RX and GS COFFEE.

16.     COFFEE RX, by way of license, retains the right to enforcement, use, goodwill and interest in and to the COFFEE RX Mark.

17.     GS COFFEE, by way of license, retains the right to enforcement, use, goodwill and interest in and to the COFFEE RX Mark.

18.     Since early as March 2015, COFFEE RX has continuously used, and continues to use, the COFFEE RX Mark in conjunction with the following goods and services: coffee beans, coffee products, specialty drinks, teas, operation of cafes/coffee houses (collectively, "Plaintiffs' goods and services"). As such, COFFEE RX has a "real interest," i.e., a direct and personal stake, in the outcome of this action and a reasonable basis for its belief of damage.

19.     Since early as June 2016, GS COFFEE has continuously used, and continues to use, the COFFEE RX Mark in conjunction with the following goods and services: coffee beans, coffee products, specialty drinks, teas, operation of cafes/coffee houses (collectively, "Plaintiffs' goods and services"). As such, GS COFFEE has a "real interest," i.e., a direct and personal stake, in the outcome of this action and a reasonable basis for its belief of damage.

20.     Plaintiffs have also advertised the COFFEE RX on a number of social media and other online platforms including, without limitation, Facebook, Instagram, Yelp, etc.

21.     Plaintiffs have also used the COFFEE RX Mark in conjunction with business activities in a number of jurisdictions, including, without limitation, the State of Florida since at least 2015.

22.     Plaintiffs have not abandoned the COFFEE RX Mark at any time since Plaintiffs' earliest first use of the mark in March 2015. As such, Plaintiffs have a priority interest in its mark.

4

23.     Since at least March 2015, Plaintiffs have invested and continue to invest considerable time, resources and money to promote and establish the reputation of Plaintiffs' COFFEE RX Mark, as extensively as possible and to identify Plaintiffs as the source of Plaintiffs' goods and services associated with the mark COFFEE RX.

24.     Because of extensive advertising, marketing, promotion and sales of Plaintiffs' goods and services in connection with Plaintiffs' COFFEE RX Mark along with Plaintiffs' use of the COFFEE RX Mark, Plaintiffs have established common-law property rights, and have built up highly valuable goodwill in the COFFEE RX Mark.

25.     Because of Plaintiffs' aforesaid use, since at least March 2015, of the COFFEE RX Mark in the advertising, marketing and sales of Plaintiffs' services, Plaintiffs have built up valuable goodwill in the COFFEE RX Mark.

26.     On January 18, 2018, DW BRANDING, Plaintiffs' COFFEE RX's and GS COFFEE's licensor, filed a used-based application for the COFFEE RX Mark with the USPTO.

27.     On April 30, 2018, the Examining Attorney assigned to DW BRANDING's application for the COFFEE RX Mark, issued an Office Action ("Office Action") based on Defendant International Flynn's then-pending application which eventually matured into Reg. No. 5515194.

28.     Specifically, the Examiner stated that DW BRANDING's application, upon DW BRANDING's response to the Office Action, may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion between Plaintiffs' COFFEE RX Mark and Defendant International Flynn's mark.

29.     The Examiner went on to state that action on DW BRANDING's application may be suspended pending final disposition of Defendant's earlier-filed referenced application upon receipt of DW BRANDING's response to the Office Action.

30.     Defendant International Flynn's then-pending application eventually matured into Reg. No. 5515194 for the following logo trademark registration mark:



("Defendant International Flynn's Federal RX COFFEE" mark).

31.     Defendant International Flynn's Federal RX COFFEE consisted of a dominant textual component, "RX COFFEE" which was partially encircled with an incomplete circle and a second textual component, "DRINKRXCOFFEE.COM".

32.     Defendant International Flynn's logo also consisted of an image of two coffee beans, positioned above the "RX COFFEE" textual component.

33.     Defendant International Flynn's Federal RX COFFEE mark issued from an original intent-to-use application filed by Defendant International Flynn on June 13, 2017.

34.     Defendant International Flynn's Federal RX COFFEE mark was filed for "Coffee; Coffee beans" under International Class 30 ("Defendants' goods").

35.     As of the time of Defendant International Flynn's filing of its trademark application, none of Defendants International Flynn or Conor Flynn had used Defendants' RX COFFEE mark in commerce.

36.     Accordingly, Defendants' application for Defendants' mark was based on Defendants' intent to use of the mark as evidenced from Defendants' filing.

37.     Following the USPTO's issuance of a Notice of Allowance, Defendant International Flynn filed specimens of use with the USPTO, claiming August 13, 2017 as its date of first use in U.S. Commerce.

38. As such, by way of Defendant International Flynn's admission in its application, Plaintiffs have priority of use of Plaintiffs' COFFEE RX Mark over Defendants' registered RX COFFEE mark as Plaintiffs' use of Plaintiffs' COFFEE RX Mark predates Defendants' claimed first date of use of August 13, 2017 by over two (2) years.

39. Upon information and belief, sometime following Defendant International Flynn's filing of an application for the Federal registration of Defendants' RX COFFEE mark, Defendant International Flynn filed a State Trademark registration application with the State of New York.

40. Defendant International Flynn's New York Trademark Registration comprises of an encircled textual component, "RX COFFEE".

41. The goods specified by Defendant International Flynn in its New York State Trademark application were "Coffee beans, ground coffee beans, roasted coffee beans, coffee".

42. In its application for State Trademark registration in the State of New York, Defendant International Flynn listed its first use of the RX COFFEE mark in the State of New York as being September 19, 2017.

43. As such, Plaintiffs' earliest use of their COFFEE RX mark (i.e. March 2015) in the State of New York predates Defendants' use of their RX COFFEE by over two (2) years.

44. On November 13, 2018, Defendant International Flynn was granted a New York State Trademark Registration for the RX COFFEE mark and was assigned New York State Trademark Reg. No. R33299 (together, with the Federal RX COFFEE mark and the DRINKRXCOFFEE.COM mark, "RX COFFEE marks").

45. Upon information and belief, on or about May 24, 2017, the Defendants registered a domain name, www.drinkrxcoffee.com, a domain name that is confusingly similar to Plaintiffs' COFFEE RX mark.

46.     Upon information and belief, Defendant International Flynn launched its website on August 13, 2017 using the aforementioned website, www.drinkrxcoffee.com, in conducting sales of Defendants' goods.

47.     Defendant International Flynn submitted to the USPTO screenshots of its aforementioned website as evidence of Defendant International Flynn's use of the RX COFFEE mark in commerce.

48.     Subsequently, Plaintiff DW BRANDING filed a Petition for the cancellation of Defendants' mark with the USPTO.  The Cancellation Proceeding was assigned with Cancellation No. 92069022 and is still pending before the USPTO ("Cancellation Proceeding").

49.     Defendant International Flynn, in a response to an Interrogatory in the Cancellation Proceeding, stated that it has used and plans to use the RX COFFEE mark in conjunction with coffee, coffee beans, apparel, mugs, tumblers, thermos and cold brew.

50.     Upon information and belief, since August 13, 2017, Defendant Conor Flynn has conducted, on behalf of Defendant International Flynn and for personal gain, in-person sales of Defendants' goods in commerce using Defendants' confusingly similar RX COFFEE mark.

51.     Defendants have conducted aforesaid sales in multiple jurisdictions, including, without limitation, the State of New York.

52.     Defendants have, while using their confusingly similar RX COFFEE mark, sold and marketed Defendants' goods within this judicial district.

53.     Defendants' sales have been conducted both by in-person sales and also by sales conducted using Defendants' www.drinkrxcoffee.com website.

54.     Defendants have also conducted sales using Defendants' account on the Shopify merchandising platform website, www.shopify.com.

55.     Defendants further intend to use the RX COFFEE mark in sales of Defendant's goods through sales to wholesalers, coffee shops, etc.

56.     Despite Plaintiff DW BRANDING's institution of its Cancellation Proceeding against Defendant International Flynn's RX COFFEE Federal registration, which, at the very least, notified Defendants of Plaintiffs' priority of use of their COFFEE RX Mark, Defendants have persisted in their continued their use of the confusingly similar RX COFFEE marks.


## COUNT I

### Common Law Trademark Infringement
### Under Section 43(a) of the Lanham Act, 15 U.S.C. §1125

57.     Plaintiff alleges and incorporates by reference the allegations contained in paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Defendants' adoption and use of their RX COFFEE marks seeks to capitalize and trade on the goodwill and reputation of Plaintiffs' COFFEE RX Mark, given the marks' similarity and Plaintiffs' priority of use.

59.     Defendants' aforementioned acts constitute direct and/or contributory infringement of Plaintiffs' COFFEE RX Mark in violation of common law trademark infringement and unfair competition under Section 43(a) of the Lanham Act, all to the substantial and irreparable injury of the public and of Plaintiffs' business reputation and goodwill.

60.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiffs have been damaged and have suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiffs' COFFEE RX Mark.

61.     Plaintiffs are without an adequate remedy at law.

## COUNT II

### Common Law Trademark Infringement
### Under New York Gen. Bus. Law §§360-l, 360-o

62.     Plaintiff alleges and incorporates by reference the allegations contained in paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63.     Defendants' aforementioned acts in the State of New York constitute direct and/or contributory infringement of Plaintiffs' common law trademark COFFEE RX and in violation of New York Gen. Bus. Law §§360-l, 330-o given Plaintiffs' prior use of the COFFEE RX Mark.

64.     Defendants' aforementioned acts constitute direct and/or contributory infringement of Plaintiffs' common law trademark COFFEE RX all to the substantial and irreparable injury of the public and of Plaintiffs' business reputation and goodwill.

65.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiffs have been damaged and have suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiffs' common law COFFEE RX trademark.

66.     Plaintiffs are without an adequate remedy at law.

## COUNT III

### False Designation of Origin, Passing Off and Unfair Competition
### Under Section 43(a) of the Lanham Act, 15 U.S.C. §1125

67.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 66 as though fully set forth herein.

68.     Defendants have deliberately targeted New York consumers by use of their RX COFFEE marks in order to capitalize on the goodwill built within Plaintiffs' prior and continuing use of Plaintiffs' COFFEE RX Mark.

69.     Defendant have conducted activities that have sold and/or offered to sell, Defendants' goods to consumers in multiple jurisdictions with Defendants' goods bearing the RX COFFEE marks which are confusingly similar to Plaintiffs' COFFEE RX Mark.

70.     Defendants aforementioned acts and activities, including without limitation, their online sales and marketing of their goods using their RX COFFEE marks, constitute constitute false designation of origin, passing off and unfair competition in violation of Section 43(a) the Lanham Act, 15 U.S.C. §1125(a), *et seq*, given Plaintiffs' prior use of Plaintiffs' COFFEE RX Mark. This false designation of origin causes irreparable damage to Plaintiffs and deceives the public.

71.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiffs have been damaged, have suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiffs' COFFEE RX Mark.

72.     Plaintiffs are without an adequate remedy at law.

## COUNT IV

### False Advertising

### Under Section 43(a) of the Lanham Act, 15 U.S.C. §1125

73.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 72 as though fully set forth herein.

74.     Defendants' have advertised, sold and/or offered to sell, Defendants' goods to consumers in multiple jurisdictions, bearing the RX COFFEE marks which are confusingly similar to Plaintiffs' COFFEE RX Mark and for the same or similar goods.

75.     Defendants' aforementioned acts constitute false advertising in violation of Section 43(a) the Lanham Act, 15 U.S.C. §1125(a), *et seq*.

76.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiffs have been damaged and have suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiffs mark.

77.     Plaintiffs are without an adequate remedy at law.


## COUNT V

### Federal Dilution

### Under Section 43(c) of the Lanham Act, 15 U.S.C. §1125

78.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 77 as though fully set forth herein.

79.     Given Plaintiffs' priority of use of their COFFEE RX Mark, the goodwill and fame inured in same, Defendants' aforementioned acts constitute dilution in violation of Section 43(c) the Lanham Act, 15 U.S.C. §1125(c), *et seq*.

80.     Defendants' aforementioned acts violate 15 U.S.C. §1125(c), are willful and are intentional acts conducted by Defendants with the full knowledge of the fame of Plaintiffs' COFFEE RX Mark and of Plaintiffs' rights in same.

81.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiffs have been damaged and has suffered and will continue to suffer immediate and irreparable harm. Unless

restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiffs' Trademarks.

82.     Plaintiffs are without an adequate remedy at law.


## COUNT VI

### Federal Anticybersquatting

### Under Section 43(d) of the Lanham Act, 15 U.S.C. §1125

83.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 82 as though fully set forth herein.

84.     Defendants' adoption and maintenance of its www.drinkrxcofee.com website constitutes violation of Federal Anticybersquatting law under Section 43(d) the Lanham Act, 15 U.S.C. §1125(d), *et seq*. given the website's similarity with Plaintiffs' COFFEE RX Mark and Defendants' intention to profit from Plaintiffs' goodwill inured in their COFFEE RX Mark.

85.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiff have been damaged and have suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiffs' COFFEE RX Mark.

86.     Plaintiffs are without an adequate remedy at law.


## COUNT VII

### New York State Unfair & Deceptive Practices

### Under N.Y. Gen. Bus. Law §349

87.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 86 as though fully set forth herein.

88.     Defendant have conducted activities that have sold and/or offered to sell, Defendants' goods to consumers in the State of New York with Defendants' goods bearing the RX COFFEE marks which are confusingly similar to Plaintiffs' COFFEE RX Mark.

89.     Defendants' aforementioned acts have caused, and will continue causing, a likelihood of confusion or of misunderstanding as to the source, sponsorship or approval of Defendants' goods and a likelihood of confusion as to Defendants' affiliation, connection or association with Plaintiffs, and has otherwise damaged the public, constituting unfair and deceptive acts or practices in the course of business, trade and other commerce in violation of the unfair and deceptive trade practices statute of New York, N.Y. Gen. Bus. §349, *et seq*.

90.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiffs have been damaged, has suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiffs' COFFEE RX Mark.

91.     Plaintiffs are without an adequate remedy at law.

## COUNT VIII
### New York State False Advertising
### Under N.Y. Gen. Bus. Law §350

92.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 91 as though fully set forth herein.

93.     Defendants' have advertised, sold and/or offered to sell, Defendants' goods to consumers in the State of New York, bearing the RX COFFEE marks which are confusingly similar to Plaintiffs' COFFEE RX Mark.

94.     Defendants' aforementioned acts constitute false advertising in violation of the false advertising statute of New York, N.Y. Gen. Bus. §350, *et seq*.

95.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has been damaged, has suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendant will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiffs' COFFEE RX Mark.

96.     Plaintiffs are without an adequate remedy at law.

## COUNT IX

### New York State Trademark Dilution
### Under N.Y. Gen. Bus. Law §360 *et seq*.

97.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 96 as though fully set forth herein.

98.     Plaintiffs have invested considerable time, resources and effort to develop and obtain the excellent reputation and goodwill for their COFFEE RX Mark.

99.     Defendants' use of the RX COFFEE marks in the sale and/or offer for sale, of Defendants' goods in the State of New York stands to injure Plaintiffs' business reputation given Plaintiffs' priority of use of the COFFEE RX Mark in the State of New York.

100.    Defendants' activities in the State of New York positions Defendants' as direct competitors with Plaintiffs' given the similarity of both Plaintiffs' and Defendants' goods.

101.    Defendants' aforementioned acts demonstrate a willful, intentional, and malicious intent to trade on the goodwill associated with Plaintiffs' COFFEE RX Mark to the great and irreparable injury of Plaintiffs, given, *inter alia*, Plaintiffs' priority of use of Plaintiffs' COFFEE RX mark in the State of New York.

102.     Defendants' unauthorized acts dilutes and is likely to continue diluting the distinctiveness of Plaintiffs' COFFEE RX Mark by eroding consumers' exclusive identification with Plaintiffs' COFFEE RX Mark, tarnishing and degrading the positive associations and prestigious connotations of Plaintiffs' COFFEE RX Mark and otherwise lessening the capacity of Plaintiffs' COFFEE RX Mark to identify and distinguish Plaintiffs' goods and services.

103.     Defendants' sale and planned sale of Defendants' goods are designed and are likely to cause and create consumer confusion and to deceive consumers into believing that Defendants' goods originated from, or were authorized by, Plaintiffs, to Plaintiffs' detriment.

104.     Defendants are causing and will continue to cause irreparable injury to Plaintiffs' goodwill and business reputation, as well as the dilution of the distinctiveness and value of Plaintiffs' trademarks in violation of the New York antidilution statute, N.Y. Gen. Bus. Law §360-l.

105.     Plaintiff is therefore entitled to injunctive relief, damages and costs, as well as enhanced damages and reasonable attorneys' fees.

## COUNT X

### New York State Fraudulent Registration
### Under N.Y. Gen. Bus. Law §360-j

106.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 105 as though fully set forth herein.

107.     Defendant International Flynn's procured its New York State RX COFFEE registration despite having known about Plaintiff's prior COFFEE RX Mark.

108.     In light of this, Defendant International Flynn's New York State RX COFFEE registration is a fraudulent registration under N.Y. Gen. Bus. Law §360-j.

109.    At the very least, Plaintiff DW BRANDING's institution of the Cancellation Proceeding should have notified Defendants of Plaintiffs' COFFEE RX Mark regarding their prior use of same in the State of New York.

110.    The Cancellation Proceeding should have prompted Defendant International Flynn to move for cancellation of its New York State Registration, given, *inter alia*, Plaintiffs' priority of use of the COFFEE RX Mark in the State of New York.

111.    In light of this, Defendant International Flynn's maintenance of its New York State RX COFFEE registration is a fraudulent registration under N.Y. Gen. Bus. Law §360-j.

112.    The continued registration of Defendant International Flynn's New York State RX COFFEE registration will continue to damage and injure Plaintiffs.

113.    Plaintiff is therefore entitled to injunctive relief, damages and costs.

114.    Plaintiffs are without an adequate remedy at law.


## COUNT XI

### New York State Use of Name with Intent to Deceive
### Under N.Y. Gen. Bus. Law §133

115.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 114 as though fully set forth herein.

116.    Defendants' adoption and use of the RX COFFEE marks and use of same for sale or offers for sale, of Defendants' goods in the State of New York intends to deceive, at the very least, New York state consumers regarding the source of Defendants' goods given Plaintiffs' priority of use of, and the goodwill inured in, Plaintiffs' COFFEE RX Mark.

117.    Defendants' aforementioned acts have caused, and will continue causing, a likelihood of confusion and/or a misunderstanding as to the source, sponsorship or approval of Defendants'

goods and a likelihood of confusion as to Defendants' affiliation, connection or association with Plaintiffs, and has otherwise damaged the public, constituting unfair and deceptive acts or practices in the course of business, trade and other commerce in violation of the use of name with intent to deceive statute of New York, N.Y. Gen. Bus. §133.

118.    As a direct and proximate result of the foregoing acts of Defendants, Plaintiffs have been damaged and has suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiffs' COFFEE RX Mark.

119.    Plaintiffs are without an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment:

1.      Granting a permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

      a.   directly or indirectly selling, offering for sale, marketing, advertising, promoting or otherwise using the COFFEE RX Mark or any mark that is confusingly similar thereto, including, without limitation, any or all of the RX COFFEE marks;

      b.   directly or indirectly selling, offering for sale, marketing, advertising, promoting or otherwise using the COFFEE RX Mark or any mark that is likely to cause consumer confusion, mistake and/or deception with respect to the COFFEE RX Mark, including, without limitation, any or all of the RX COFFEE marks; and

      c.   doing any other acts that are intended to or will be likely to deceive consumers or the trade into falsely believing that there is an affiliation or relationship between Plaintiff and Defendants or between Plaintiff and any goods or services other than Plaintiffs' genuine goods and services.

2.      Directing Defendants to recall from trade, including any and all distributors, wholesalers, dealers, retailers, promoters, vendors and all other third parties, any and all infringing products bearing any or all of the RX COFFEE marks and/or any and all products bearing any other mark that is confusingly similar to the COFFEE RX word trademark, along with all marketing, advertising, promotional and sales materials used in connection with the RX COFFEE marks and/or in the performance of Defendants' businesses and/or activities.

3.      Directing Defendants to deliver to Plaintiffs for destruction, all goods, marketing materials, advertising materials and other promotional materials possessed, used or distributed or available for sale by Defendants, or on their behalf, which refer to or relate to the RX COFFEE marks.

4.      Cancellation of the Federal RX COFFEE trademark registration, identified as U.S. Reg. No. 5515194.

5.      Cancellation of the New York State RX COFFEE trademark registration, identified as New York Trademark Reg. No. 33299.

6.      Directing Defendants to remove all advertisements, documents, flyers, postings etc. that are confusingly similar to the COFFEE RX word mark and/or any references made to same, from all website(s), and social media platforms used or owned by Defendants.

7.      Permanently enjoin Defendants from ever using any business or trade names that are confusingly similar to the COFFEE RX word mark.

8.      Directing Defendants to file with the Court and serve on counsel for Plaintiff, within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. §1116 setting forth in detail the manner and form in which the Defendants have complied with the injunction.

9.      Directing Defendants, jointly and severally, to account for all gains, profits and advantages derived from the acts of infringement, false designation, passing off and unfair competition and for their other violations of law.

10.     Directing that Defendants, jointly and severally, be ordered to pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts as set forth in this Complaint, pursuant to 15 U.S.C. §1117.

11.     Directing that Defendants, jointly and severally, be ordered to pay to Plaintiff all damages suffered by Plaintiff by reason of Defendants' unlawful acts as set forth in this Complaint, pursuant to 15 U.S.C. §1117.

12.     Directing that Defendants, jointly and severally, be ordered to pay treble damages to Plaintiff on account of the defendant's willful, intentional and bad faith conduct pursuant to 15 U.S.C. §1117.

13.     Directing that Defendants, jointly and severally, be ordered to pay to Plaintiff statutory damages in an amount proven as may be proven at trial as a result of Defendants' acts of counterfeiting.

14.     Directing that Defendants, jointly and severally, be ordered to pay to Plaintiff compensatory damages in an amount as may be proven at trial as a result of Defendants' violations of New York state law, as outlined above.

15.     Directing that Defendants, jointly and severally, be ordered to pay to Plaintiff punitive and exemplary damages as provided by law.

16.     Directing that Defendants, jointly and severally, be ordered to pay to Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. §1117.

17.     Directing that Defendants, jointly and severally, be ordered to pay to Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendants' intentional and willful infringement, pursuant to N.Y. Gen. Bus. Law §349.

18.     Awarding Plaintiff pre-judgment and post-judgment interest to the maximum extent provided by law.

19.     Awarding Plaintiff such other and further relief as the Court may deem just and proper.

21

Dated this: 17th day of May, 2019.        Respectfully submitted,
                                          LAW OFFICES OF ALOZIE N. ETUFUGH, PLLC

                                          By:        s/Alozie Etufugh/

                                               Alozie N. Etufugh
                                               New York Bar Reg. No. 4073672

                                          Attorney for Plaintiff COFFEE RX, INC.

                                          LAW OFFICES OF ALOZIE N. ETUFUGH, PLLC
                                          200 Park Avenue, Suite 1700
                                          New York, NY 10166
                                          Telephone: (212) 309-8723
                                          Facsimile:   (917) 591-6757